IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 25, 2008

Charles R. Fulbruge III
Clerk

No. 08-50051
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

REGINALD KENNEDY, also known as Reginald Donnell Kennedy

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-126-1

Before SMITH, STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Reginald Kennedy, also known as Reginald Donnell Kennedy, appeals the 164-month and 24-month sentences imposed following his guilty plea conviction for conspiracy to possess with intent to distribute cocaine and crack cocaine and possession with intent to distribute cocaine. Kennedy argues that the district court erred by imposing the sentences to run consecutively for a total sentence of 188 months of imprisonment. He contends that the imposition of consecutive sentences violates the spirit of 18 U.S.C. § 3584, the purposes of the Guidelines,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the policy statements of the Sentencing Commission. He asserts that because his counts were grouped together under U.S.S.G. § 3D1.2 and his 164-month sentence for count one was adequate to achieve the total punishment, his sentence for count two should have been imposed to run concurrently with the 164-month sentence, as required by U.S.S.G. § 5G1.2(c). Kennedy does not challenge the district court's calculation of the applicable sentencing range, nor does he argue that his sentence is unreasonable.

Where, as here, the defendant fails to object to his sentence during sentencing, review is for plain error. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008). To establish plain error, Kennedy must show: (1) that there is an error; (2) that the error is clear or obvious; and (3) that the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 731-37 (1993). If these factors are established, the decision to correct the forfeited error is within this court's sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. Id. at 736.

Kennedy has failed to demonstrate that any error was clear or obvious. See Olano, 507 U.S. at 734-35. He has also failed to demonstrate with sufficient or reasonable probability that if not for the district court's misapplication of the Guidelines he would have received a lesser sentence. United States v. Villegas, 404 F.3d 355, 364-65 (5th Cir. 2005). Kennedy has therefore failed to demonstrate that the error affected his substantial rights. See Olano, 507 U.S. at 734-35.

Accordingly, the judgment of the district court is AFFIRMED.